IN THE UNITED STATES DISTRICT COURT

DISTRICT OF IDAHO

|  |  |
|---|---|
| VIRGIN MOBILE USA, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>BLUE OCEANS DISTRIBUTING, LLC (d/b/a BLUE OCEANS DISTRIBUTORS), MIDWAY DISTRIBUTOR LLC (d/b/a MIDWAY DISTRIBUTING), PETER BABICH (a/k/a PIOTR BABICHENKO), TIM BABICHENKO, and PAVEL "PAUL" BABICHENKO,<br><br>    Defendants. | Case No. CV06-511-S-EJL<br><br>ORDER |

Pending before the Court in the above-entitled matter is Plaintiffs' motion for temporary restraining order and preliminary injunction, filed on December 20, 2006. The motion was filed in conjunction with a verified complaint. (Dkt. No. 1). The Court has reviewed the motion and has determined as follows.

**Factual and Procedural Background**

The Plaintiff, Virgin Mobile USA, LLC, filed the instant action alleging violations of the Lanham Act, trademark infringement, and other related claims. Plaintiff has filed this motion seeking to enjoin the Defendants from acquiring Virgin-Mobile-branded handsets for non-personal use or resale, and from participating in any scheme or plan involving (a) hacking, altering, and

reprogramming, or inducing or facilitating others to hack, alter, and reprogram, Virgin Mobile-branded handsets; (b) repackaging, shipping, distributing, selling, or reselling Virgin Mobile-branded handsets; and (c) exporting Virgin Mobile-branded handsets. (Dkt. No. 1).

## Discussion

Temporary restraining orders are designed to preserve the status quo pending the ultimate outcome of litigation. They are governed by Federal Rule of Civil Procedure 65(b) which states:

> A temporary restraining order may be granted without written or oral notice to the adverse party or that party's attorney only if (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition, and (2) the applicant's attorney certifies to the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required.

Under Rule 65(b) and Ninth Circuit case law, a plaintiff may obtain a temporary restraining order only where he or she can "*demonstrate* immediate threatened injury." See, e.g., Caribbean Marine Servs. Co. v. Baldridge, 844 F.2d 668, 674 (9th Cir. 1988) (emphasis in original). In this case, Plaintiffs' motion is predicated on violations of the Lanham Act and other grounds. They argue irreparable injury will result from the continued bulk resale of Virgin Mobile handsets in contravention of their trademark, contractual, and other rights as it will damage Plaintiff's business and reputation. A summons was issued to the named Defendants on December 20, 2006 but there is no indication in the record that the Defendants Blue Oceans Distributing, LLC, Midway Distributor LLC, and named individuals were served with a copy of the complaint or this motion.

Having reviewed the limited record in this matter, the Court finds that the Plaintiff has failed to satisfy the requirements for issuance of a temporary restraining order. Specifically, to demonstrate that the harm is immediate and to show why the relief requested should be granted before Defendants have an opportunity to respond. See Fed. R. Civ. P. (The moving party must show that "it clearly

appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party . . . can be heard in opposition...."). Though Plaintiff makes one reference to the fact that it is currently the 2006 holiday season, when consumer demand is at a peak, and notes the harm involves out-of-stock retailers, the supporting memorandum discusses only the standard for a preliminary injunction. There is no argument regarding the need for an injunction prior to allowing the Defendants and opportunity to respond or that it is impossible to serve the Defendants. Accordingly, the Court will deny the request for a temporary restraining order and set a briefing schedule and date for a hearing on the motion for preliminary injunction.

## ORDER

Based on the foregoing, the Court being fully advised in the premises it is **HEREBY ORDERED** that Plaintiff's Motion for Temporary Restraining Order is (Dkt. No. 6) is **DENIED**.

IT IS FURTHER ORDERED that a hearing on the motion for preliminary injunction is set for **Thursday, January 4, 2007 at 9:30 a.m. in Boise, Idaho**. Defendants shall file their response to the motion on or before **December 29, 2006**. Plaintiff shall file any reply no later than **11:00 a.m. MST on January 2, 2007**.

IT IS FURTHER ORDERED THAT Plaintiff shall serve the Defendants with a copy of the complaint, motion for preliminary injunction, and this order forthwith.

DATED: **December 22, 2006**

Honorable Edward J. Lodge
U. S. District Judge