**IN THE UNITED STATES DISTRICT COURT**

**DISTRICT OF IDAHO**


VIRGIN MOBILE USA, LLC,

                          Plaintiff,

        v.

BLUE OCEANS DISTRIBUTING, LLC
(d/b/a BLUE OCEANS DISTRIBUTORS),
MIDWAY DISTRIBUTOR LLC (d/b/a
MIDWAY DISTRIBUTING), PETER
BABICH (a/k/a PIOTR BABICHENKO),
TIM BABICHENKO, and PAVEL "PAUL"
BABICHENKO,

                         Defendants.

**Case No.  CV06-511-S-EJL**

**MEMORANDUM ORDER**


Pending before the Court is Plaintiff's motion for preliminary injunction, filed on December 20, 2006.  The motion was filed in conjunction with a verified complaint.  (Dkt. No. 1).  The Court previously denied the Plaintiff's motion for TRO and set a briefing schedule and hearing on the PI motion.  At the January 4, 2007 hearing the Court took the motion under advisement and directed the parties to submit certain documentation, which the parties have now done.  The parties then contacted the Court advising that they were nearing a settlement and asked that the Court wait to enter an order on the pending motion.  The parties have now notified the Court that a settlement was not reached and asked that the Court rule on the pending motion.

MEMORANDUM ORDER - 1

## Factual and Procedural Background

The Plaintiff, Virgin Mobile USA, LLC, filed the instant action alleging violations of the Lanham Act, trademark infringement, breach of contract, and other related claims.[1]  The Complaint is against Defendants Blue Oceans Distributing, LLC; Midway Distributor LLC; Peter Babich, Tim Babichenko, and Pavel Babichenko.  Plaintiff filed this motion seeking to enjoin the Defendants from acquiring Virgin-Mobile-branded handsets for non-personal use or resale, and from participating in any scheme or plan involving (a) hacking, altering, and reprogramming, or inducing or facilitating others to hack, alter, and reprogram, Virgin Mobile-branded handsets; (b) repackaging, shipping, distributing, selling, or reselling Virgin Mobile-branded handsets; and (c) exporting Virgin Mobile-branded handsets. (Dkt. No. 1).  Defendants have responded to the motion arguing the motion for preliminary injunction should be denied because Plaintiff is unlikely to succeed on the merits of their claims because 1) there was no contract and, therefore, no breach of contract and 2) the Defendants' actions in buying and reselling Virgin-Mobile phones are lawful and not in violation of any trademark law.  Further, Defendants argue there is no irreparable injury shown.

## Preliminary Injunction Standard

A preliminary injunction is not a preliminary adjudication on the merits, but a device for preserving the status quo and preventing the irreparable loss of rights before judgment.  <u>Textile</u>

---

[1]**PLAINTIFF'S CLAIMS:** 1) Contributory Infringement (§ 32 of the Lanham Act), 2) Trademark Dilution (§ 43 of the Lanham Act), 3)Common Law Trademark Infringement, 4) Trademark Dilution (Idaho Code § 48-513), 5)Unfair Business Practices (Idaho Code § 48-601), 6) Breach of Contract, 7) Intentional Interference with Contract Relations, 8) Intentional Interference with Prospective Economic Interest, 9) Unjust Enrichment, 10) Common Law Unfair Competition.

Unlimited, Inc. v. A..BMH Co., Inc., 240 F.3d 781 (9th Cir. 2001) (citing Sierra On-Line, Inc. v. Phoenix Software, Inc., 739 F.2d 1415, 1422 (9th Cir. 1984).  The traditional equitable criteria for granting preliminary injunctive relief are (1) a strong likelihood of success on the merits, (2) the possibility of irreparable injury to plaintiff if the preliminary relief is not granted, (3) a balance of hardships favoring the plaintiff, and (4) advancement of the public interest (in certain cases).  Dollar Rent a Car v. Travelers Indem., 774 F.2d 1371, 1374 (9th Cir. 1985) (citation omitted).

The Ninth Circuit has developed an alternative test for granting a preliminary injunction which requires the court to balance the movant's likelihood of success on the merits against the relative hardship to the parties.  See  Walczak v. EPL Prolong, Inc., 198 F.3d 725, 731 (9th Cir. 1999); Sun Microsystems, Inc. v. Microsoft Corp., 188 F.3d 1115, 1118 (9th  Cir. 1999).  Thus, in this circuit a party may meet its burden by demonstrating either (1) a combination of probable success on the merits and the possibility of irreparable injury or (2) that serious questions are raised and the balance of the hardships tips in its favor.  Textile Unlimited, Inc. v. A..BMH Co., Inc., 240 F.3d 781 (9th Cir. 2001); see also Tillamook County v. United States Army Corps of Engineers, 288 F.3d 1140, 1142 (9th Cir. 2002).  These two formulations represent two points on a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases.  Id. Regardless of the criteria employed, whenever the public interest is involved, it must be a necessary factor in the Court's consideration of whether to grant preliminary injunctive relief.  Caribbean Marine Services Co. v. Baldrige, 844 F.2d 668, 674 (9th Cir. 1988).   Further, "[a] plaintiff must demonstrate immediate threatened injury as a prerequisite to preliminary injunctive relief." Caribbean Marine Services, 844 F.2d at 674.  "Speculative injury does not constitute irreparable injury sufficient to warrant granting a preliminary injunction."  Id.

## ANALYSIS

In a trademark case, "A plaintiff is entitled to a preliminary injunction...when it demonstrates either (1) a combination of probable success on the merits and the possibility of irreparable injury or (2) the existence of serious questions going to the merits and that the balance of hardships tips sharply in his favor."  Goto.com, Inc. v. Walt Disney Co., 202 F.3d 1199, 1205 (9th Cir. 2000) (citations and quotations omitted).  "In a trademark infringement claim, 'irreparable injury may be presumed from a showing of likelihood of success on the merits.'  This presumption effectively conflates the dual inquiries of this prong into the single question of whether the plaintiff has shown a likelihood of success on the merits."  Brookfield Communications, Inc. V. West Coast Entertainment Corp., 74 F.3d 1036, 1052 n. 4 (citation omitted).  The "likelihood of confusion is the central element of trademark infringement, and the issue can be recast as the determination of whether 'the similarity of the marks is likely to confuse customers about the source of the products.'"  Goto.com, at 1205.  The Ninth Circuit has "developed eight factors, the so-called Sleekcraft factors, to guide the determination of a likelihood of confusion:  (1) the similarity of the marks; (2) the relatedness of the two companies' services; (3) the marketing channel used; (4) the strength of [plaintiff's] mark; (5) [defendant's] intent in selecting its mark; (6) evidence of actual confusion; (7) the likelihood of expansion into other markets; and (8) the degree of care likely to be exercised by purchasers."  Id. (citing AMF Inc. v. Sleekcraft Boats, 599 F.2d 341, 348 (9th Cir. 1979)).  A plaintiff is therefore entitled to a preliminary injunction in a trademark case simply when it shows a likelihood of confusion.  Id.

The parties dispute what is required to be proven in this case in terms of whether the Plaintiff must prove that consumers are likely to be confused or that they are/were actually confused. Plaintiff maintains that they are required to show a likelihood of confusion where as the Defendants argue the Plaintiff must prove actual confusion. Defendants also argue that Plaintiff must prove the Defendants knew or had reason to know of the infringement; arguing the end purchasers of altered or unlocked phones know they are purchasing a phone that has been altered and is distinguishable from the original producer of the phone. The parties briefing and arguments on this point serve only to muddy the water. Regardless, at this stage in the proceedings the standard for a preliminary injunction is clear. Equally clear is the need for Plaintiff to show a likelihood of confusion for entry of a preliminary injunction in a trademark case, which the Plaintiff here has done.[2]

In considering the Sleekcraft factors, the Court notes that the altered phones retain the Virgin Mobile mark and the service provided is the same. Plaintiff argues the likelihood of confusion to the ultimate consumer is "inevitable" because the final purchaser of the phone is not informed as to who altered the phones and will attribute any operating errors from the alteration to the Virgin Mobile mark thereby damaging Virgin Mobile's reputation and goodwill. The marketing channel used appears to be targeted to similar audiences in that the end purchasers desire to purchase a "go phone" with little or no long-term contract obligations. Plaintiff's mark has general name-brand recognition in the market.[3] There is no clear evidence as to the Defendants' intent in selecting the

---

[2] Defendants also argue the altering of phones in the manner alleged in this case is lawful under United States Copyright law. The Plaintiff's claims here, however, are brought under trademark and contract law. The Court will address the claims as raised in the complaint. Defendants' arguments regarding copyright law may be more appropriate in a different motion.

[3] The Court makes no determination as to whether Plaintiff's mark is considered a "famous" mark.

MEMORANDUM ORDER - 5

Virgin-Mobile mark.  This factor, however, does not generally carry much weight in these types of cases.  See GoTo.com, 202 F.3d at 1208.  Likewise, there need not be evidence of actual confusion at this point.  Plaintiff here has presented evidence that there is a likelihood of confusion as to the source of the phone ultimately received by the end purchaser.  The Defendant has challenged this by asserting the end purchasers of such phones are savvy enough to know the altered phone is not the original product of the brand manufacturer.  This argument can also be linked to the final Sleekcraft factor of the degree of care likely to be exercised by purchasers.  Plaintiff maintains consumers purchasing the altered phones are "very likely to believe they are purchasing authentic Virgin Mobile handsets because the products appear no different than genuine, properly programmed Virgin Mobile handsets." (Dkt. No. 6, p. 16).  While both parties have likely presented truthful representations of opposite ends of the consumer spectrum, "the standard of care to be exercised by the reasonably prudent purchaser will be equal to that of the least sophisticated consumer." GoTo.com, 202 F.3d at 1209 (citation omitted).  Thus, on this motion this factor goes in favor of Plaintiff.  Neither party addressed the likelihood of expansion into other markets as it does not appear to be telling in this case.  Based on the foregoing, the Court concludes that Plaintiff has demonstrated a likelihood of success on the merits of its Lanham Act claims.  As such, the Court may infer irreparable injury.  See GoTo.com, 202 F.3d at 1209 (citation omitted).

As to the contract based claims the Court finds that, at the very least, Plaintiff has raised serious questions going to the merits of their claims and the balance of hardship tips sharply in their favor.  While the Court does not decide this question, the Plaintiff has demonstrated that a contract may very well exist based on the terms contained in/on the product packaging.  See Arizona Cartridge Remanufacturers Association, Inc. v. Lexmark International, Inc., 421 F.3d 981, 987 (9th

MEMORANDUM ORDER - 6

Cir. 2005).  Whether the packaging in this case is ultimately determined to be a contract is a question for a later day.  In addition, the continued sale of altered phones which may or may not operate to the quality standards attached to the Virgin Mobile brand name could likely cause a deflation in consumer confidence in the brand which can not be repaired by monetary relief.  Thus, the damages suffered by Plaintiff's reputation would result in long-term injury to the Virgin Mobile mark which may or may not be reparable.  Any hardship to the Defendants is minimal as is any potential injury that would result from entry of this preliminary injunction.

## ORDER

Based on the foregoing and being fully advised in the premises, the Court **GRANTS** Plaintiff's motion for a preliminary injunction (Dkt. No. 6) and HEREBY ORDERS as follows:

1) The Court HEREBY ENJOINS Defendants, its officers, directors, employees, agents, representatives, and all others acting in concert with them from:

   a) Purchasing, or offering to purchase, Virgin Mobile-branded handsets, or inducing purchasers of such handsets to resell those handsets to Defendants;

   b) Reselling, offering to resell, or shipping Virgin Mobile-branded handsets;

   c) Hacking and reprogramming, or otherwise altering Virgin Mobile-branded handsets, or inducing or assisting others to do so; and

   d) Repackaging, shipping, distributing, selling, or reselling Virgin Mobile-branded handsets.

MEMORANDUM ORDER - 7

2)      Plaintiff shall submit a bond in the amount of $10,000.

DATED:  **February 14, 2007**



Honorable Edward J. Lodge
U. S. District Judge

MEMORANDUM ORDER - 8